IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WILLIE GRAYEYES, and TERRY WHITEHAT,<br><br>        Plaintiffs,<br>v.<br><br>SPENCER COX, JOHN DAVID NIELSON, KENDALL G. LAWS, COLBY TURK, and WENDY BLACK,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>• **DENYING [36] DEFENDANT BLACK'S MOTION FOR EXPEDITED DISCOVERY and**<br><br>• **DENYING IN PART AND GRANTING IN PART [45] SAN JUAN COUNTY DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY**<br><br>Case No. 4:18-cv-00041-DN<br><br>District Judge David Nuffer |

Defendant Wendy Black ("Defendant Black") filed a Motion for Expedited Discovery.[1] Defendants John Nielson, Kendall Laws, and Colby Turk (referred to as "San Juan County Defendants") subsequently filed a Motion for Expedited Discovery as well.[2] Plaintiffs filed a consolidated response to both motions.[3] Defendant Black filed a reply in support of her motion[4] and San Juan County Defendants filed a reply in support of their motion.[5]

---

[1] Motion for Expedited Discovery ("Defendant Black's Motion"), docket no. 36, filed July 3, 2018.

[2] San Juan County Defendants' Motion for Expedited Discovery (San Juan County Defendants' Motion"), docket no. 45, filed July 5, 2018.

[3] Consolidated Response in Opposition to Defendants' Motions for Expedited Discovery ("Plaintiffs' Response"), docket no. 51, filed July 9, 2018.

[4] Defendant Wendy Black's Reply Memorandum re: Expedited Discovery, docket no. 59, filed July 12, 2018.

[5] San Juan County Defendants' Reply Memorandum in Support of Motion for Expedited Discovery, docket no. 58, filed July 12, 2018.

Defendant Black asserts that if Plaintiffs are allowed to conduct expedited discovery, [6] then Defendant Black should also be allowed to conduct expedited discovery in order to oppose the injunctive relief sought by Plaintiff Grayeyes and his claims against her.[7] She further alleges that fundamental fairness and due process require that she be allowed to conduct "reciprocal discovery."[8] All of Defendant Black's requested discovery pertains to Plaintiff Grayeyes's residency.[9]

San Juan County Defendants join in Defendant Black's Motion and seek to conduct additional discovery beyond Plaintiff Grayeyes's residency.[10] Specifically, San Juan County Defendants seek to conduct discovery relating to Plaintiff Grayeyes's claims of alleged discrimination, as well as subjects relating to Plaintiff Whitehat's standing in this case. San Juan County Defendants argue that there is good cause for expediting such discovery in order to get the case in a dispositive posture at the earliest possible date.[11]

Exercising its broad discretion over the control of discovery[12] and pursuant Rule 26(d) of the Federal Rules of Civil Procedure,[13] a trial court may "modify the normal time limitations that

---

[6] Plaintiff Grayeyes filed a Motion for Preliminary Injunction, which was followed by Plaintiffs' Motion for Expedited Discovery. Docket no. 13-14. Plaintiffs' Motion for Expedited discovery was granted, authorizing Plaintiffs to conduct limited discovery related to the complaint filed against Grayeyes, the ensuing investigation, and Defendant Nielson's ultimate decision to invalidate Grayeyes's candidacy. Docket no. 41.

[7] Defendant Black's Motion 2, docket no. 36.

[8] *Id*.

[9] *Id*. 2-4.

[10] San Juan County Defendants' Motion 2, docket no. 45.

[11] *Id*. 3 (citing *Sara Lee Corp. v. Sycamore Family Bakery Inc*., No. 2:09CV523DAK, 2009 WL 1765294, at *1 (D. Utah June 22, 2009).

[12] *Thomas v. Mitsubishi Motors Corp.*, No. 2:12-cv-1215-BP-PMW, 2014 WL 280495, at *1 (D. Utah Jan. 24, 2014) (citing *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd*., 600 F.3d 1262, 1271 (10th Cir. 2010).

[13] Fed. R. Civ. P. 26(d).

apply under the discovery rules where good cause is shown"[14] by the party seeking expedited discovery.[15] The following factors inform a court's decision when reviewing a request for expedited discovery: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made."[16]

Defendant Black and San Juan County Defendants, as the parties seeking expedited discovery, have the burden of establishing good cause.[17] However, given the issues to be determined as part of Plaintiff Grayeyes's Motion for Preliminary Injunction, the majority of the discovery sought is not relevant and overly broad. Accordingly, Defendant Black's Motion for Expedited Discovery[18] is denied in its entirety. San Juan County Defendant's Motion for Expedited Discovery[19] is granted in part to allow limited discovery related to Plaintiff Whitehat's standing.

## DEFENDANT BLACK'S MOTION FOR EXPEDITED DISCOVERY

Defendant Black contends that the principal question in this case is whether Plaintiff Grayeyes "[is] a citizen of the San Juan County, Utah so as to be eligible to vote and run for the Office of County Commissioner or . . . has he falsely claimed to be a resident?"[20] Rather than

---

[14] *Sara Lee Corp. v. Sycamore Family Bakery, Inc.*, No. 2:09-cv-523-DAK, 2009 WL 1765294, at *1 (D. Utah June 22, 2009).

[15] *Qwest Commc'ns Int'l, Inc. v. Worldquest Networks, Inc.,* 213 F.R.D. 418, 419 (D. Colo. 2003).

[16] *Icon Health & Fitness, Inc. v. Johnson Health Tech North Am., Inc.*, No. 1:10-cv-00209-BCW, 2011 WL 13136539, at *1 (D. Utah Mar. 1, 2011).

[17] *Qwest Commc'ns Int'l, Inc. v. Worldquest Networks, Inc.,* 213 F.R.D. 418, 419 (D. Colo. 2003).

[18] Defendant Black's Motion, docket no. 36.

[19] San Juan County Defendant's Motion, docket no. 45.

[20] Defendant Black's Motion at 4, docket no. 36.

relying upon the applicable provision of the Utah Election Code,[21] Defendant Black seeks to conduct expedited discovery in the "areas of inquiry long recognized and used by federal courts to resolve citizenship disputes in diversity jurisdiction cases."[22] Defendant Black does not cite to any legal authority for this position and the Utah Election Code is clearly the governing law on the matter. Regardless, Plaintiff Grayeyes's actual residency is not the relevant inquiry at this stage of these proceedings.

In their Complaint, Plaintiffs allege violation of their constitutional rights under 42 U.S.C. §§ 1983, 1981, 1985, and 1988.[23] Plaintiffs allege that Defendants misapplied procedures in the Utah Election Code and that based upon the evidence available to Defendants at the time of their actions, Defendants violated Plaintiffs' constitutional rights.[24]

The standard governing a declaration of candidacy, challenges thereto, and resolution of said challenges are stated in the Utah Election Code.[25] Defendant Nielson was required to make his decision based on the evidence that was available to him at the time.[26]

Ms. Black's proposed discovery seeks to obtain information dating back to 2015, which would not have been part of Defendant Nielson's review under Utah Code Ann. § 17-6-1(a)(b) which determines voter qualification based on residency for the prior year. In determining the case on the merits, including Plaintiff Grayeyes's Motion for Preliminary Injunction, only the factual basis of Defendants' actions at the time of those action will be considered. In other words, the relevant facts are those known to the parties at the time Defendant Black filed her

---

[21] Utah Code Ann. § 20A-2-105.

[22] Defendant Black's Motion at 4, docket no. 36.

[23] Complaint, docket no. 2, filed June 20, 2018; Plaintiffs' Response at 1-2, docket no. 51.

[24] Plaintiffs' Response at 1-2, docket no. 51.

[25] Utah Code Ann. § 20A-2-105.

[26] Utah Code Ann. § 20A-3-202.3(4)(b).

complaint up through when Defendant Nielson determined that Plaintiff Grayeyes was ineligible to vote and therefore ineligible to run for County Commissioner. Defendants are not able to supplement the administrative record through new information obtained in the discovery process as part of these proceedings.

**SAN JUAN COUNTY DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY**

For similar reasons as discussed above, the majority of the discovery sought by San Juan County Defendants is irrelevant and overly broad. In addition to discovery regarding Plaintiff Grayeyes's residency, San Juan County Defendants sought information related to voter challenges against Plaintiff Grayeyes in 2012 and the purported use of an official position for personal or political advantage.[27] Again, this information will not assist in determining the primary issue this case presents—whether the process outlined in the Utah Election Code was followed with respect to Plaintiff Grayeyes's 2018 declaration of candidacy based on information known to the decision makers.

San Juan County Defendants also sought to conduct discovery regarding Plaintiff Whitehat for purposes of his standing in this case. "The doctrine of standing requires federal courts to satisfy themselves that 'the plaintiff has alleged such a personal stake in the outcome of the controversy' as to warrant *his* invocation of federal-court jurisdiction."[28] Whether Plaintiff Whitehat properly has standing in this matter is relevant to jurisdictional issues, which should be addressed early in the litigation. Therefore, San Juan County Defendants shall be allowed to conduct limited discovery on Mr. Whitehat's residency. Other discovery topics proposed by the San Juan County Defendants, including Mr. Whitehat's candidacy in the 2018 election and

---

[27] San Juan County Defendants' Motion at 3, docket no. 45.

[28] *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (internal citations omitted).

involvement in Mr. Grayeyes's campaign are not relevant or proportional to the needs of the case.[29]

## ORDER

IT IS HEREBY ORDERED that Defendant Black's Motion for Expedited Discovery[30] is DENIED.

IT IS FURTHER ORDERED that San Juan County Defendants' Motion for Expedited Discovery[31] is DENIED IN PART and GRANTED IN PART.  San Juan County Defendants may conduct expedited discovery limited to the standing of Plaintiff Whitehat.

- San Juan County Defendants are authorized to immediately take the deposition of Plaintiff Whitehat.  Counsel should cooperate to conduct the deposition on an expedited basis by July 25, 2018.

- San Juan County Defendants are also authorized to serve Plaintiff Whitehat with requests for production of documents related to his standing in this case.  Plaintiff Whitehat is required to serve written responses to those requests for production of document on counsel for San Juan County Defendants within seven (7) days after service.

Dated July 13, 2018.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[29] Fed. R. Civ. P. 26(b)(1)

[30] Docket no. 36.

[31] Docket no. 45.