R. BLAKE HAMILTON (Utah Bar No. 11395)
ASHLEY M. GREGSON (Utah Bar No. 13716)
JASMINE A. FIERRO-MACIEL (Utah Bar. No. 16046)
**DURHAM JONES & PINEGAR, P.C.**
111 S. Main St., Suite 2400
P.O. Box 4050
Salt Lake City, UT  84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500

*Attorneys for San Juan County Defendants*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WILLIE GRAYEYES and TERRY WHITEHAT,<br><br>Plaintiffs,<br><br>v.<br><br>SPENCER COX, JOHN DAVID NIELSON, KENDALL G. LAWS, COLBY TURK, and WENDY BLACK,<br><br>Defendants. | **SAN JUAN COUNTY DEFENDANTS' MOTION TO DISMISS**<br><br>Civil No. 4:18-cv-00041-DN<br><br>Judge David Nuffer |

Defendants San Juan County Clerk John David Nielson ("Mr. Nielson"), San Juan County Attorney Kendall G. Laws ("Mr. Laws"), and San Juan County Sheriff's Deputy Colby Turk ("Deputy Turk") (collectively "San Juan County Defendants"), by and through their undersigned counsel, hereby submit this Motion to Dismiss Plaintiffs' Complaint.[1]

---

[1] Doc. No. 2.

# INTRODUCTION

Plaintiffs' Complaint asserts four causes of action requesting declaratory and injunctive relief.[2] Plaintiffs First Cause of Action is a facial challenge to provisions of the Utah Election Code against Defendant Lieutenant Governor Spencer Cox ("Lt. Governor").[3] Plaintiffs' Second Cause of Action is an as-applied challenge to provisions of the Utah Election Code relating to the denial of Mr. Grayeyes' candidacy and right to vote under the First and Fourteenth Amendments to the United States Constitution. Plaintiffs' Third Cause of Action asserts violations of due process. The Second and Third Causes of Action are against San Juan County Defendants.[4] Plaintiffs Fourth Cause of Action requests that this Court review Mr. Nielson's application of the Utah Election Code to Mr. Grayeyes. For the reasons stated below, this Court should dismiss these claims with prejudice.

---

[2] Plaintiff has filed a Motion for Preliminary Injunction on their claims. *See* Doc. No. 13. To the extent that this Court grants San Juan County Defendants' Motion to Dismiss, the Court should deny Plaintiffs' Motion for "fail[ing] to demonstrate a likelihood of prevailing on the merits." *See Seber v. Howell*, No. 1:14-CV-00140-CW-EJF, 2015 WL 1906309, at *9 (D. Utah Apr. 20, 2015) (unpublished) (denying injunctive relief on the ground that plaintiffs' claims were subject to dismissal).

[3] When the constitutionality of a state statute is questioned, the state, its agencies, and its officers have the statutory right to intervene and defend that statute. *See* Fed. R. Civ. P. 5.1. Plaintiffs' First Cause of Action is a constitutional challenge to provisions of the Utah Election Code. The only Defendant with the authority to defend against this cause of action on behalf of the state is the Lt. Governor. San Juan County Defendants therefore do not address it.

[4] Given that the vast majority of Plaintiffs' factual allegations pertain to Mr. Nielson's involvement in the investigation and decision on the voter challenge against Mr. Grayeyes, San Juan County Defendants focus their analysis on his actions. To the extent that Plaintiffs seek to rely on these allegations to impose liability on Deputy Turk and Mr. Laws, San Juan County Defendants request that the Court apply the same analysis to them with respect to these claims.

## ARGUMENT

### I. PLAINTIFFS' CLAIMS UNDER 42 U.S.C. § 1983 MUST BE DISMISSED AS INADEQUATELY PLED.[5]

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal of a complaint for "failure to state a claim upon which relief can be granted."[6] A 12(b)(6) dismissal is proper where "it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief."[7] In making this determination, the Court accepts all well-pleaded allegations of the complaint as true and construes them in the light most favorable to the non-moving party.[8] If a plaintiff fails to allege any essential element of the claim, the complaint fails to state a claim for which relief may be granted.[9] Moreover, a well-pleaded complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[10] While detailed facts are not required, this standard demands more than "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," or "naked assertions

---

[5] In addition to 42 U.S.C. § 1983, Plaintiffs claim to seek vindication of their constitutional rights under 42 U.S.C. §§ 1981, 1985, and 1988. These claims are also inadequately pled. First, section 1981 protects the right "to make and enforce contracts," yet Plaintiffs have made no factual allegations regarding a contract. Second, section 1985 creates a cause of action for civil conspiracy, but Plaintiffs have only made one conclusory allegation about a conspiracy in Paragraph 13 of their Complaint, which is insufficient to state a claim. Finally, "section 1988 does not create independent causes of action, it simply defines procedures under which remedies may be sought in civil rights actions." *Schroder v. Volcker*, 864 F.2d 97, 99 (10th Cir. 1988) (citation and internal quotation marks omitted).
[6] *See* Fed. R. Civ. P. 12(b)(6).
[7] *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) (citations and internal quotation marks omitted).
[8] *Id.*
[9] *See Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

devoid of further factual enhancement."[11] Accordingly, the Court need not accept conclusory statements that are not rooted in factual allegations as true for purposes of this Motion.[12]

### A.  Plaintiffs' Equal Protection Claim is Inadequately Pled.[13]

Plaintiffs' Second Cause of Action claims that "San Juan County defendants . . . violated plaintiffs' Equal Protection rights in relation to voting and running for office as those rights are guaranteed under the Fourteenth Amendment of the United States Constitution."[14] Plaintiffs allege that San Juan County Defendants "abused . . . the procedures and provisions for testing the eligibility of a person such as Grayeyes to register to vote, in order to manipulate and control the outcome of the electoral race . . . , unconstitutionally tipping the scales in favor of Kelly Laws by ousting his opponent, Grayeyes, from the ballot."[15]  "[C]itizens enjoy 'a constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction.'"[16] A key element to a claim of equal protection violation is discriminatory intent, which can be asserted in two ways: (1) A person acts with an intent or purpose to discriminate against an individual based on their membership in a protected class; or (2) a person's actions

---

[11] *Id.* (alteration omitted).
[12] *See Navajo Nation Human Rights Comm'n v. San Juan Cty.*, No. 216CV00154JNPBCW, 2017 WL 3976564, at *5 (D. Utah Sept. 7, 2017).
[13] Plaintiffs' Second Cause of Action also claims that "San Juan County Defendants . . . violated plaintiffs' First Amendment rights to vote and to run for office as those rights are guaranteed under the Fourteenth Amendment of the United States Constitution." *See* Doc. No. 2, at ¶ 117. As explained below, to the extent that Plaintiffs claim that Mr. Nielson denied Mr. Grayeyes the right to campaign based on his status as a Navajo, Plaintiffs have failed to provide sufficient evidence of discriminatory intent.  The Court should apply the same analysis to claims based on the right to campaign as those based on the right to vote.
[14] Doc. No. 2, at ¶ 118.
[15] *Id.* at ¶ 116.
[16] *Citizen Ctr. v. Gessler*, 770 F.3d 900, 918 (10th Cir. 2014) (quoting *Dunn v. Blumstein*, 405 U.S. 330, 336 (1972)).

have a disproportionate impact on members of a protected class and an invidious or discriminatory purpose underlies his or her actions.[17]

Here, accepting only the well-pled facts as true, Plaintiffs have failed to plead that Mr. Nielson acted with the intent to discriminate against Mr. Grayeyes based on his membership in a protected class. Plaintiffs' Complaint includes allegations about San Juan County's "historical pattern of disenfranchising Navajo voters."[18] To the extent that Plaintiffs allege that the protected class at issue is "Navajo voters," Plaintiffs have failed to allege that Mr. Nielson's decision that Mr. Grayeyes was not a resident of Utah was based on the fact that Mr. Grayeyes is a Navajo voter. Plaintiffs do not allege that Mr. Nielson considered Mr. Grayeyes' race in determining his residency. Plaintiffs' general allegations that San Juan County has historically discriminated against Native Americans are insufficient to show that Mr. Nielson *individually* had discriminatory intent in making his decision on Mr. Grayeyes' residency. Discriminatory intent against Mr. Grayeyes cannot be inferred from Mr. Nielson's actions from a history of discrimination against Native Americans by San Juan County absent allegations that he shared this alleged racial animus.

Plaintiffs also failed to plead that a discriminatory intent underlies Mr. Nielson's actions. Plaintiffs allege that Mr. Nielson's handling of Ms. Black's complaint shows discriminatory intent in using the voter challenge statute instead of the candidacy challenge statute;[19] initiating an investigation;[20] recruiting Deputy Turk to investigate the voter challenge and collaborating

---

[17] *See Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265–66 (1977).
[18] Doc. No. 2, at 44-48.
[19] *Id.* at ¶ 47a.
[20] *Id.* at ¶ 47b.

with Kendall Laws;[21] providing a form to Ms. Black;[22] not dismissing her complaint;[23] accelerating his decision;[24] and relying on hearsay.[25] Plaintiffs also allege that Mr. Nielson's decision on the voter challenge shows discriminatory intent because of his partisan bias against Mr. Grayeyes;[26] his "crabbed reading" of the statute;[27] his failure to analyze whether Mr. Grayeyes established a residence in Arizona;[28] his failure to give sufficient weight to "familial, cultural, and religious ties";[29] and his reliance on absences[30] and public perception.[31] Although peppered amidst pages of conclusory allegations, the pled facts show that Mr. Nielson's actions consisted of construing Ms. Black's complaint as a voter challenge, providing her with a form, investigating the challenge, notifying Mr. Grayeyes of the challenge, and making a decision on the challenge based on the evidence available to him. That Plaintiffs would have considered other factors or given certain factors more weight does not change the fact that Mr. Nielson's decision is supported by the evidence. As explained below, Mr. Nielson did not deviate from statutory procedures, and to the extent he did, his actions were at most negligent. No discriminatory intent can be inferred from Mr. Nielson's attempts to carry out his duties as an election officer to the best of his ability. Therefore, because Plaintiffs have failed to plead the

---

[21] *Id.* at ¶ 47c.
[22] *Id.* at ¶ 47d(1).
[23] *Id.* at ¶ 47d(2).
[24] *Id.* at ¶ 47d(3).
[25] *Id.* at ¶ 47d(4).
[26] *Id.* at ¶ 49.
[27] *Id.* at ¶ 50.
[28] *Id.* at ¶¶ 61–62.
[29] *Id.* at ¶¶ 65–68.
[30] *Id.* at ¶ 69.
[31] *Id.* at ¶¶ 78–79.

6

requisite element of discriminatory intent for an equal protection claim, the Second Cause of Action should be dismissed with prejudice.

### B. Plaintiffs' Right to Travel Claim is Inadequately Pled.

Plaintiffs' Second Cause of Action also claims that "San Juan County defendants . . . violated Grayeyes' right to travel as that right is vouchsafed to him under the Due Process Clause of the Fourteenth Amendment of the United States Constitution."[32] "The right of interstate travel has repeatedly been recognized as a basic constitutional freedom."[33]  "Even a bona fide residence requirement would burden the right to travel, if travel meant merely movement," but cases involving bona fide residence requirements have been "concerned only with the right to migrate," or in other words, "to migrate, resettle, find a new job, and start a new life."[34] Although Mr. Grayeyes claims an infringement of his right to travel based on Mr. Nielson's application of Utah's residency requirement, Mr. Grayeyes appears to be asserting a right to movement, which is not constitutionally protected.  Thus, Plaintiffs have failed to state a due process claim based on a violation of the right to travel, and this claim should be dismissed with prejudice.

### C. Plaintiffs' Due Process Claim is Inadequately Pled.

Plaintiffs' Third Cause of Action claims that San Juan County Defendants violated Mr. Grayeyes' due process rights.  For a claim involving procedural due process, the plaintiff must satisfy two elements: "(1) a constitutionally protected liberty or property interest, and (2) a

---

[32] *Id.* at ¶ 119.
[33] *Mem'l Hosp. v. Maricopa Cty.*, 415 U.S. 250, 254 (1974).
[34] *Id.* at 255 (citation and internal quotation marks omitted).

7

governmental failure to provide an appropriate level of process."[35] "The right to vote . . . implicates a liberty interest protected by the Due Process Clause of the Fourteenth Amendment."[36] The "standard of culpability to establish a Fourteenth Amendment violation . . . is whether Defendants' conduct 'shocks the conscience.'"[37] "[C]ourts have uniformly held that negligently inflicted harm is 'categorically beneath the threshold of constitutional due process.'"[38] As an initial matter, an action under § 1983 "'cannot be maintained on the basis of alleged violation of state law,' including a violation of a state constitutional right."[39] Further, "mere failure to follow applicable rules or procedures does not, without more, amount to a due process violation as 'there can be no property interest in a procedure itself.'"[40] Thus, any allegations that Mr. Nielson failed to follow the procedures under the Utah Election Code are insufficient to state a due process claim.

Plaintiffs' Third Cause of Action claims that "San Juan County defendants did not give fair notice to Grayeyes respecting the challenge to his eligibility to register to vote."[41] In support, Plaintiffs allege that "Nielson did not even give the notice required under the statute" and that he deliberately misled Mr. Grayeyes about "the nature of proceeding, the evidence he was

---

[35] *Citizen Ctr. v. Gessler*, 770 F.3d 900, 916 (10th Cir. 2014).
[36] *Miller v. Blackwell*, 348 F. Supp. 2d 916, 921 (S.D. Ohio 2004).
[37] *Moore v. Nelson*, 394 F. Supp. 2d 1365, 1368 (M.D. Ga. 2005) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)).
[38] *Id.* (quoting *Nix*, 311 F.3d at 1375).
[39] *Redwood Prof. Plaza, LC v. City of West Jordan*, No. 1:07cv153 TC, 2009 WL 1408217, *5 (D. Utah May 19, 2009) (unpublished) (quoting *Stanko v. Maher*, 419 F.3d 1107, 1117 (10th Cir. 2005)).
[40] *Curtis Ambulance of Florida, Inc. v. Board of County Com'rs of Shawnee County, Kan.*, 811 F.2d 1371, 1377 (10th Cir. 1987) (quoting *Three Rivers Cablevision v. City of Pittsburgh*, 502 F. Supp. 1118, 1128–29 (W.D. Pa. 1980)).
[41] Doc. No. 2, at ¶ 129.

attempting to gather, and the period of time that Grayeyes had . . . to respond[.]"[42] Plaintiffs allege that Ms. Black was seeking to challenge Mr. Grayeyes' voter registration eligibility.[43] Because residency in Utah is a requirement both for candidacy and for voting, Mr. Nielson reviewed Ms. Black's complaint as a voter challenge. Although Ms. Black's initial complaint did not include all of the required information for a voter challenge, "[t]he election officer may provide a form that meets the requirements of this section for challenges filed under this section."[44] Contrary to Plaintiffs' allegations, Mr. Nielson was not required to dismiss her initial complaint: "If the challenge is not in the proper form or if the basis for the challenge does not meet the requirements of this part, the election officer *may dismiss* the challenge and notify the filer in writing of the reasons for the dismissal."[45] As permitted by statute, Mr. Nielson provided Ms. Black with a voter challenge form that she completed with all of the required information. Thus, the well-pled facts actually show that Mr. Grayeyes was given proper notice of the challenge against him.

Plaintiffs' Third Cause of Action also claims that "San Juan County defendants did not provide a fair opportunity for hearing to Grayeyes."[46] Plaintiffs allege that Defendants "elected to use an improper procedure under the election code," refused to give Grayeyes access to the record, enlisted Deputy Turk in the investigation, and relied on "unsworn evidence, hearsay reports, and anonymous sources."[47] Mr. Nielson's reliance on Deputy Turk's investigation does

---

[42] *Id.* at ¶¶ 129.
[43] *Id.* at ¶ 41.a. n.1.
[44] Utah Code Ann. § 20A-3-202.3(1)(c) (2015).
[45] *Id.* § 20A-3-202.3(2)(a) (emphasis added).
[46] Doc. No. 2, at ¶ 130.
[47] *Id.* at ¶¶ 130–31.

9

not shock the conscience. Section 20A-3-202.3 permits him to consider the documents and information available to him.[48] Despite Plaintiffs' complaint that he issued his decision too early, the well-pled facts show that Mr. Grayeyes was not deprived of an opportunity to respond to the challenge because he was given over a month to provide evidence, which he did in several letters. Mr. Nielson had no statutory obligation to provide Mr. Grayeyes with all of the documents available to him as the election officer. Thus, Mr. Grayeyes was not deprived of an adequate opportunity respond. Therefore, Plaintiffs have failed to plead a procedural due process violation, and this Court should dismiss the Third Cause of Action with prejudice.

## II. PLAINTIFFS' FOURTH CAUSE OF ACTION MUST BE DISMISSED BECAUSE IT IS NOT A VALID CAUSE OF ACTION.

Plaintiffs' Fourth Cause of Action is entitled "proper application of the state residency statute for voter registration purposes."[49] This cause of action requests that the Court "determine and declare that Grayeyes is and has been a registered voter in San Juan County" and overrule Mr. Nielson's decision on his residency.[50] Utah Code section 20A-3-202.3 provides that an individual subject to a voter challenge "may appeal an election officer's decision regarding the individual's eligibility to vote to the district court having jurisdiction over the location where the challenge was filed."[51] The Utah Election Code provides for appellate review in a state district court, but makes no mention of review in federal court. The requested relief for this claim appears to be that the Court make its own de novo determination of Mr. Grayeyes residency.

---

[48] *See* Utah Code Ann. § 20A-3-202.3(4)(b)(ii).
[49] Doc. No. 2, at 55.
[50] *Id.* at ¶ 134.
[51] *See* Utah Code Ann. § 20A-3-202.3(6)(a) (emphasis added).

Plaintiffs claim that this Court may exercise its supplemental jurisdiction to review this claim,[52] but provide no legal authority to support this assertion or to support the existence of such a claim. Thus, Plaintiffs' Fourth Cause of Action does not state a claim for relief for which relief may be granted and should be dismissed with prejudice.

### III. DEPUTY TURK MUST BE DISMISSED AS A DEFENDANT BECAUSE PLAINTIFFS' ATTEMPTED SERVICE OF PROCESS ON HIM WAS INVALID.

A party may move for dismissal on the grounds of "insufficient service of process."[53] This is because "'[e]ffectuation of service is a precondition to suit.'"[54] "The plaintiff has the burden of establishing the validity of service.'"[55] Service may be accomplished by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process."[56] The District of Utah has consistently found that unauthorized acceptance of service by a secretary is invalid service of process for a government official.[57] For example, in *Allison v. Utah Cty. Corp.*, 335 F. Supp. 2d 1310, 1313 (D. Utah 2004), the Court concluded that "leaving the summons and complaint with a receptionist in [county attorney's] office" was invalid service of process where she "had not authorized anyone to accept service on her

---

[52] Doc. No. 2, at ¶ 134.
[53] *See* Fed. R. Civ. P. 12(b)(5).
[54] *Allison v. Utah Cty. Corp.*, 335 F. Supp. 2d 1310, 1313 (D. Utah 2004) (quoting *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998)).
[55] *Id.*
[56] Fed. R. Civ. P. 4(e)(2)(C).
[57] *See, e.g.*, *Allison*, 335 F. Supp. 2d at 1313; *Cheek v. Garrett*, No. 2:10-CV-508-TS, 2011 WL 839861, at *3 (D. Utah Mar. 8, 2011) (unpublished) (concluding that "the attempted service fails to comply with the applicable rules governing service because [the secretary] was not an agent authorized to accept service"); *Bierly v. Hirata*, No. 2:08 CV 948 TC, 2009 WL 2916752, at *3 (D. Utah Sept. 8, 2009) (unpublished), *aff'd,* 368 F. App'x 895 (10th Cir. 2010) (concluding that attempted service on a receptionist at the Attorney General's office was invalid because she was not authorized to accept service for state defendants).

behalf."[58] Similarly, Plaintiffs attempted service of process on Deputy Turk by delivering the complaint to the San Juan County Sheriff's Office secretary.[59] Service of process on Deputy Turk was invalid because she was not authorized to accept service on his behalf. Thus, all claims against Deputy Turk must be dismissed with prejudice for insufficient service of process.

## IV. MR. LAWS MUST BE DISMISSED AS A DEFENDANT BECAUSE PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST HIM.

Plaintiffs seek to impose liability on Mr. Laws because he is the son of Kelly Laws and therefore "identified with the historically entrenched political forces in San Juan County" against Mr. Grayeyes' candidacy.[60] "But 'liability under § 1983 must be based on [a] defendant's personal involvement in the alleged constitutional violation' . . . So a complaint must allege that each defendant, through his own actions, violated the constitution."[61] Plaintiffs allege that Mr. Laws was eager to hide his involvement in the investigation of the voter challenge against Mr. Grayeyes, "attempted to give the appearance that he had recused himself from the investigation," and together with Mr. Nielson "had instigated and were directing Turk's investigative efforts."[62] The only real factual basis for these conclusory allegations is Plaintiffs' allegation that Deputy Turk's report indicates that "Turk called Kendall Laws for an update on the investigation."[63] At the same time, Plaintiffs include facts in their Complaint that contradict these allegations.

---

[58] *See Allison*, 335 F. Supp. 2d at 1313.
[59] *See* Doc. No. 23.
[60] Doc. No. 2, at ¶ 12.
[61] *Mayfield v. Harvey Cty. Sheriff's Dep't*, No. 17-3197, 2018 WL 2017250, at *2 (10th Cir. Apr. 30, 2018) (unpublished) (quoting *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 768 (10th Cir. 2013)).
[62] Doc. No. 2, at ¶ 35.
[63] *Id.* at ¶ 58.

12

Plaintiffs allege Mr. Laws referred the investigation "of Grayeyes to the Davis County Attorney in order to give the false appearance that he indeed was recused."[64] Plaintiffs also allege that Mr. Nielson referred letters from Plaintiffs' counsel to private counsel.[65] The Court need not accept Plaintiffs' "naked assertions devoid of further factual enhancement"[66] where Plaintiffs' Complaint includes factual allegations that directly contradict these assertions. Plaintiffs' claims arise from the investigation and decision on Ms. Black's complaint from which Mr. Laws recused himself. Plaintiffs have thus failed to plead any facts showing that Mr. Laws committed a constitutional violation. Therefore, Plaintiffs have failed to state a claim against Mr. Laws, and the claims against him should be dismissed with prejudice.

### V.    MR. WHITEHAT MUST BE DISMISSED AS A PLAINTIFF BECAUSE HE LACKS STANDING.

A party may move for dismissal of claims brought by a plaintiff who lacks standing for "lack of subject-matter jurisdiction."[67] "[T]he plaintiff . . . bears the burden of establishing standing to bring its claims."[68] "Constitutional standing involves three elements: (1) injury in fact; (2) causation; and (3) redressability."[69] "Injury in fact involves invasion of a legally protected interest that is concrete, particularized, and actual or imminent."[70] "An imminent or

---

[64] *Id.* at ¶ 49.
[65] *Id.* at ¶ 49.
[66] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration omitted).
[67] *See* Fed. R. Civ. P. 12(b)(1); *see also Stein v. New Mexico*, 684 F. App'x 720, 721 (10th Cir. 2017) (unpublished) ("To meet 'the case-or-controversy requirement imposed by Article III of the Constitution,' [the plaintiff] must have standing." (quoting *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003))).
[68] *See VR Acquisitions, LLC v. Wasatch Cty.*, 853 F.3d 1142, 1146 (10th Cir. 2017).
[69] *Citizen Ctr. v. Gessler*, 770 F.3d 900, 909 (10th Cir. 2014) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).
[70] *Id.* at 910 (citing *Lujan*, 504 U.S. at 560–61).

'threatened injury must be *certainly impending* to constitute injury in fact, and . . . allegations of *possible* future injury are not sufficient.'"[71]  In addition, "prudential standing . . . encompasses various limitations, including the general prohibition on a litigant's raising another person's legal rights."[72]

Here, Plaintiffs' Complaint alleges that Defendants discriminated "against all those, such as Whitehat, who desired his placement on the ballot so that they could exercise their First Amendment right to cast a vote for him."[73]  In support of this allegation, Plaintiffs claim that Mr. Whitehat is a resident of Utah and intends to vote for Mr. Grayeyes.[74]  These allegations are insufficient to show constitutional standing.  Mr. Whitehat's claim that he may be deprived of his ability to vote for Mr. Grayeyes is at most an allegation of possible future injury, which is insufficient to show an injury in fact.  In *Faustin v. City, Cty. of Denver, Colorado*, 268 F.3d 942 (10th Cir. 2001), the Tenth Circuit found that a plaintiff lacked standing to challenge a statute "as being unconstitutional in application" because "[t]he statute was not applied to [her] and was not mentioned in her complaint."[75]  Although the Utah Election Code is mentioned in the Complaint, Mr. Grayeyes lacks standing to bring an as-applied challenge to the Utah Election Code because it was not applied to him or the alleged class of voters.  Moreover, Mr. Whitehat purports to represent a class of voters who intends to vote for Mr. Grayeyes, thereby attempting to raise

---

[71] *Id.* (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 133 S.Ct. 1138, 1147, 185 L.Ed.2d 264 (2013)).
[72] *See Davis v. Hudson Refinery*, 498 F. App'x 779, 782 (10th Cir. 2012) (unpublished) (citations and internal quotation marks omitted).
[73] *See* Doc. No. 2, at ¶ 116.
[74] *See id.*, at ¶ 6.
[75] *See Faustin v. City, Cty. of Denver, Colorado*, 268 F.3d 942, 948 (10th Cir. 2001).

14

another person's legal rights, which is prohibited under prudential standing. Therefore, the Court must dismiss Mr. Whitehat as a plaintiff for lack of standing.

## VI. ALL REQUESTS FOR DECLARATORY JUDGMENT RELATING TO DISMISSED CAUSES OF ACTION SHOULD ALSO BE DISMISSED.

All of Plaintiffs' causes of action request findings of declaratory judgment.[76] Each of the requested judgments are essentially elements of Plaintiffs' other causes of action in the Complaint. Federal courts consider certain factors in determining whether to hear a declaratory judgment claim, including: "(1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*; (4) whether use of declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective."[77]

To the extent the Court determines that any of Plaintiffs' causes of action must be dismissed, the absence of those causes of action would remove any controversy or useful purpose for a declaratory judgment on the elements of the dismissed claims. If any causes of action remain which would require the Court or a fact-finder to make the same determinations as are requested for declaratory judgment, then those causes of action would provide a better and more effective alternative remedy to Plaintiffs than declaratory judgment would offer.

---

[76] *See* Doc. No. 2, at ¶¶ 111, 120, 132, 135.
[77] *United States v. City of Las Cruces*, 289 F.3d 1170, 1187 (quoting *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)).

Moreover, given that the Utah Election Code provides a statutory remedy,[78] use of a declaratory action in federal court would improperly encroach upon state jurisdiction.[79] For these reasons, this Court should dismiss any declaratory judgment claim with prejudice.

## VII. SAN JUAN COUNTY DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

"Qualified immunity protects officials performing discretionary functions from individual claims brought pursuant to 42 U.S.C. § 1983, if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[80] "The test for determining entitlement to qualified immunity is applied by considering the objective reasonableness of the official's actions (irrespective of his subjective beliefs) in light of legal rules which were clearly established at the time the action was taken. The unlawfulness of the action must be apparent to a reasonable official."[81] "As officials of the executive branch of government, election board members would appear entitled to qualified immunity as to their acts. Such immunity exists where there were reasonable grounds for the official's belief formed at the time and in light of the circumstances, coupled with a good-faith belief in the propriety of the acts."[82] If the plaintiff establishes a constitutional violation, the

---

[78] *See* Utah Code Ann. § 20A-3-202.3(6)(a).
[79] San Juan County Defendants have previously identified issues of state law in this case that would be appropriate for review in state court. *See* Doc. No. 57, at 24–25.
[80] *Johnson v. Randolph Cty.*, 687 S.E.2d 223, 228 (Ga. Ct. App. 2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).
[81] *Id.* (citation and internal quotation marks omitted).
[82] *De La Cruz v. DuFresne*, 533 F. Supp. 145, 149 (D. Nev. 1982).

SLC_3104471.1

court "would have to reach the next question of 'whether the right allegedly implicated was clearly established at the time of the events in question.'"[83]

Here, Deputy Turk is entitled to qualified immunity on Mr. Grayeyes' claims because it was reasonable for him to conduct an investigation of Mr. Grayeyes' residence. It was not apparent that actions typical to a routine investigation, such as visiting his residence and interviewing witnesses, were unlawful. Mr. Nielson is also entitled to qualified immunity on Mr. Grayeyes' claims because he acted as an election official in making a decision on the voter challenge. It was reasonable for him to conduct an investigation of a voter challenge, and his decision on the voter challenge was supported by the evidence. The only specific allegation against Mr. Laws is that he answered Deputy Turk's phone call, which is reasonably within his duties as the County Attorney. Even if their conduct was not reasonable, given the limited precedent analyzing Utah's Election Code, it was not clearly established that the investigation or decision relating to the voter challenge would violate Mr. Grayeyes' rights.

## CONCLUSION

For the foregoing reasons, San Juan County Defendants respectfully request that this Court dismiss Plaintiffs' claims against them with prejudice.

---

[83] *See Lee v. Regents Of Univ. of Cal.*, 221 F. App'x 711, 713 (10th Cir. 2007) (unpublished) (citation and internal quotation marks omitted).

DATED this 19th day of July, 2018.

                                          **DURHAM JONES & PINEGAR, P.C.**

                                          /s/ R. Blake Hamilton
                                          R. BLAKE HAMILTON
                                          ASHLEY M. GREGSON
                                          JASMINE A. FIERRO-MACIEL
                                          *Attorneys for San Juan County Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document was served this 19th day of July, 2018, via Utah District Court electronic filing system, upon the following:

Steven C. Boos
Maya Kane
Maynes, Bradford, Shipps, & Sheftel, LLP
835 East Second Avenue, Suite 123
Durango, CO 81301
Telephone: (970) 247-1755
Facsimile: (970) 247-8827
Email: sboos@mbssllp.com
          mkane@mbssllp.com

Eric P. Swenson
1393 East Butler Avenue
Salt Lake City, UT 84102
Telephone: (801) 521-5674
Email: e.swenson4@comcast.net

David R. Irvine
747 East South Temple Street, Suite 130
Salt Lake City, UT 84102
Telephone: (801) 579-0802
Email: Drirvine@aol.com

Alan L. Smith
1169 East 4020 South
Salt Lake City, UT 84124
Telephone: (801) 262-0555
Email: Alanakaed@aol.com

David N. Wolf
Andrew Dymek
Utah Attorney General's Office
160 East 300 South, 6th Floor
P.O. Box 140856
Salt Lake City, UT 84114
Email: dnwolf@agutah.gov
          adymek@agutah.gov

Jesse C. Trentadue
Suitter Axland, PLLC
8 East Broadway, Suite 200
Salt Lake City, UT 84111
Email: jesse32@sautah.com

/s/ Melani Thatcher