Jesse C. Trentadue (#4961)
Britton R. Butterfield (#13158)
**SUITTER AXLAND, PLLC**
8 East Broadway, Suite 200
Salt Lake City, UT  84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355
E-Mail: jesse32@sautah.com
E-Mail: bbutterfield@sautah.com
*Attorneys for Wendy Black*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, SOUTHERN DIVISION**

| | |
|---|---|
| WILLIE GRAYEYES, an individual, TERRY WHITEHAT, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SPENCER COX, as Lieutenant Governor of the State of Utah; JOHN DAVID NIELSON, as Clerk/Auditor of San Juan County, a political subdivision of the State of Utah; KENDALL G. LAWS, as Attorney of San Juan County, a political subdivision of the State of Utah; COLBY TURK, as Deputy Sheriff in the Sheriff's Office of San Juan County, a political subdivision of the State of Utah; and WENDY BLACK, an individual,<br><br>Defendants. | **DEFENDANT WENDY BLACK'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT[1]**<br><br>Civil No. 4:18-cv-00041-DN<br><br>Judge David Nuffer |

---

[1] Dkt. 2.  Ms. Black also joins in and adopts by reference San Juan County Defendants' *Motion to Dismiss*.  Dkt.  65.

## **MOTION TO DISMISS**

Plaintiffs, Mr. Willie Grayeyes and Mr. Terry Whitehat, have brought this action for an alleged conspiracy to violate their civil rights. They have sued Ms. Wendy Black who, pursuant to her right under the *First Amendment* to the United States *Constitution*, filed with the San Juan County Clerk-Auditor, Mr. John David Nielson, a challenge to Mr. Grayeyes' right to vote in the November 2018 election for County Commissioner in District 2 due to his not being a resident of San Juan County, Utah. That challenge was filed pursuant to U.C.A. 20A-3-202.3 which provides, in essence, that: (1) the challenge is implemented with the filing of a written complaint;[2] (2) the burden is upon the complainant to support his or her challenge with clear and convincing evidence;[3] (3) once the complaint is filed, the County Clerk-Auditor gives notice to the person whose right to vote is being challenged, provides him or her with a copy of the complaint, and advises them of their right to submit evidence in opposition to the challenge;[4] (4) once the evidence has been received, the Clerk-Auditor then weighs the evidence and resolves the challenge on the basis of his or her findings;[5] (5) and, thereafter, in the event of an

---

[2] *See id.* at §§ (1)(a) and (1)(b).

[3] *Id.* at § (4)(b)(I).

[4] *Id.* at §(3)(b).

[5] *See id.* at § (4)(b)(ii).

adverse ruling by the County Clerk-Auditor, the voter has the right to appeal to the Utah State District Court where the Clerk-Auditor's decision under goes appellate review under an arbitrary, capricious or unlawful standard based upon the record before the Clerk-Auditor.[6]

Ms. Black's complaint was investigated by San Juan County Deputy Sheriff Colby Turk. Mr. Grayeyes, retained counsel and submitted evidence, including sworn statements, in opposition to Ms. Black's complaint. The Clerk-Auditor, Mr. Nielson, acting in a quasi-judicial capacity on a matter of significant State interest, found that Mr. Grayeyes was not a resident of San Juan County and as a consequence was not eligible to vote which also meant that he could not be a candidate for the office of County Commissioner for District 2. On May 9, 2018, Mr. Grayeyes was notified of the Clerk-Auditor's decision and his right to seek appellative review of that decision.[7]

---

[6] *Id.* at § (6). This standard of review would have allowed the Utah State Court to have considered and ruled upon all of Mr. Grayeyes' procedural and substantive due process claims. But, rather than seek immediate review by the Utah State Court Mr. Grayeyes opted to delay a month to commence the instant case seeking a preliminary injunction on an expedited basis, which only needed to be expedited because Mr. Grayeyes refused to exhaust his state remedies. As Ms. Black has stated all-along, Mr. Grayeyes' plan has been to obtain that immediate injunctive relief, and then to extend the final resolution of this case out past the November 2018 election. Thereafter, whether Mr. Grayeyes wins the election or loses the election, he will attempt to dismiss this case. But, more importantly, if he is elected and it is subsequently determined by the Court that Mr. Grayeyes was not qualified to stand for the office of County Commissioner, he cannot be removed from that office by this Court.

[7] Dkt. 2-9, pp. 2-4.

Mr. Grayeyes, however, did not seek to have the Clerk-Auditor's decision reviewed by the Utah State District Court. Instead, he opted to bring this civil rights action on June 20, 2018.[8]

In their *Complaint*, Plaintiffs have also named as defendants Mr. Nielson, San Juan County Sheriff Deputy Turk, San Juan County Attorney Kendall Laws, and Lieutenant Governor Spencer Cox. Plaintiffs allege, **based upon information and belief**, that all of the Defendants, except for Lieutenant Governor Cox, share significant family relationships and, therefore, have conspired to deprive Mr. Grayeyes of the right to stand for the office of County Commissioner in the upcoming election,[9] and to deprive Mr. Whitehat of the right to vote for Mr. Grayeyes.[10] Lieutenant Governor Cox has been named as a defendant because he is, by law, the Chief Elections Officer for the State of Utah.

Plaintiffs' *Complaint* consists of four *Claims* which seek only declaratory and injunctive relief.[11] But even if successful, none of this relief can be granted by Ms. Black.

---

[8] Dkt. 2.

[9] *See* Dkt. 2, ¶ 12.

[10] *See* Dkt. 2, ¶¶ 1, 6, 116, and 120.

[11] Since Ms. Black has no authority to grant the relief requested by Plaintiffs, they have obviously failed to state a claim for relief against her. Furthermore, Plaintiffs do not allege that

Their *First Claim for Relief*,[12] for example, asks the Court to declare unconstitutional the *Utah Code* provisions governing residency requirements to vote in County's elections, and to be a candidate for the office of County Commissioner,[13] both of which are also matters of significant State interest;[14] in their *Second Claim for Relief,*[15] Plaintiffs seek to have declared unconstitutional the Utah Code provisions whereby Ms. Black challenged Mr. Grayeyes' right to vote;[16] in their *Third Claim for Relief,*[17] Plaintiffs seek an appellate review of Mr. Nielson's findings and a determination that during the administrative proceedings Mr. Grayeyes was denied due process even though he refused to avail himself of the remedies that exist under Utah law to have Mr. Nielson's findings

---

Ms. Black was acting under color of law, nor could they since she is neither a County or State officer.

[12] *See* Dkt. 2, ¶¶ 105 through 111.

[13] U.C.A. §§ 17-16-1 and 17-53-202.

[14] This is a question on which it is respectfully submitted that the Court should abstain from deciding. *See, e.g.*, *Ballas v. Symm*, 494 F.2d 1167, 1170 (5th Cir. 1974)( District Court properly abstained from deciding whether or not college student was resident for voting purposes in view of state statutes clearly providing method of challenging in state court a registrar's decision of non-residency).

[15] *See* Dkt. 2, ¶¶ 112 through 20.

[16] U.C.A. §§20A-32-101, 20A-2-105 and 20A-3-200.3.Yet, another matter on which it is respectfully suggested that the Court should abstain from deciding. *See Ballas,* 494 F.2d at 1170.

[17] *See* Dkt. 2, ¶¶ 121 through 132.

judicially reviewed by the Utah State District Court;[18] and, in their *Fourth Claim for Relief,* Plaintiffs' again seek to have this Court sit in an appellate capacity to review and set aside Mr. Nielson's findings.[19]

Wherefore, pursuant to *Federal Rules of Civil Procedure* 12 (b)(1), 12(b)(6), 12(c), the *Younger Abstention Doctrine,* and the *Noerr-Pennington Doctrine* as well as the *doctrines of res judicata*, *quasi-judicial immunity*, *judicial immunity,* and *qualified immunity,* Ms. Black hereby moves to dismiss Plaintiffs' *Complaint* for the following reasons: (1) Mr. Whitehat lacks standing; (2) the *Younger Abstention Doctrine* deprives the Court of subject matter jurisdiction; (3) the Court does not have subject matter jurisdiction to conduct appellate review of the Clerk-Auditor's decision; (4) by failing to exhaust his state remedies, Mr. Grayeyes has waived his claims for violation of due process; (5) Plaintiffs have failed to state a claim upon which any relief can be granted as to Ms. Black; (6) Ms. Black is entitled to immunity under the *Noerr-Pennington Doctrine;* and (7) Mr. Grayeyes claims are barred by the *doctrine of res judicata*. **Oral argument is not requested.**

---

[18] U.C.A. §20A-3-202.3(6)(a).

[19] *See* Dkt. 2, ¶¶ 133 through 135.

## ARGUMENT: MR. WHITEHAT
## LACKS STANDING

Mr. Whitehat has no standing to sue to vindicate an alleged violation of Mr. Grayeyes' civil rights. In order to have standing, he must allege a violation of his personal civil rights by Ms. Black, which he has not done with his alleged injury of not being able to vote for Mr. Grayeyes.

Standing goes to the Court's subject matter jurisdiction, and Mr. Whitehat lacks standing because he does not have a legally protected interest at stake in this lawsuit. Rather, he has an interest shared generally with the public at large, which will not meet the standing requirements imposed by the United States Supreme Court.[20] Mr. Whitehat's claims, therefore should be dismissed.

## ARGUMENT: PLAINTIFFS' CLAIMS ARE BARRED
## BY THE YOUNGER ABSTENTION DOCTRINE

Ms. Black's challenge to Mr. Grayeyes' residency is, by law, a *quasi-judicial proceeding*.[21] The *Younger Abstention Doctrine* deprives District Courts of the

---

[20] *See Arizona for Official English v. Arizona,* 520 U.S. 43, 64 (1997); *Gill v. Whitford*, 138 S.Ct. 1916, 1931 (2018).

[21] *See, e.g.*, *In Re: Dakota Telecommunications, Group*, 590 N.W.2d 644, 646 (Minn. App. 1999)(Quasi-judicial proceedings involve an investigation into a disputed claim that weighs evidentiary facts, applies those fact to a prescribed standard and results in a binding decision); *Prairie Dog Advocates v. City of Lakewood*, 20 P.3d 1203, 1207 (Colo. App. 2001)(When the statute requires notice to affected person and a hearing before an impartial decision-maker, it is most certainly a quasi-judicial). Because it was a *quasi-judicial proceeding*, Mr. Nielson enjoy's *judicial immunity*.

jurisdiction to issue injunctions that interfere with state judicial proceedings be they criminal, civil or administrative.[22] Under the *Younger Abstention Doctrine,* the state court's judicial review of a state administrative decision must be exhausted before federal court intervention is permitted.[23] In the instant case, Mr.Grayeyes refused to exhaust his state administrative remedies, but that is no bar to application of the *Younger Abstention Doctrine*.[24] The Court, therefore, is required to abstain from hearing Plaintiffs' claims.

## ARGUMENT: THE COURT LACK'S SUBJECT MATTER JURISDICTION TO REVIEW PLAINTIFFS' THIRD AND FOURTH CLAIMS FOR RELIEF

In their *Third* and *Fourth Claims for Relief*, Plaintiffs are essentially asking the Court to conduct an appellate review of Mr. Nielson's decision, which the Court obviously recognized when it denied Ms. Black's *Motion for Expedited Discovery* stating in its *Order* that: "**Defendants are not able to supplement the administrative record through new information obtained in the discovery process as part of these proceedings.**"[25] Also as a matter of law, however, this Court does not have the subject matter jurisdiction to conduct the appellate review of Mr. Nielson's ruling that Mr. Grayeyes is

---

[22] *Maymo-Melendez v. Alvarez-Ranirez,* 364 F.3d 27, 31 (1st Cir. 2004). *See also, Brown v. Day*, 477 F .Supp.2d 1110 (D.C. Kan. 2007).

[23] *Maymo-Melendez*, 364 F.3d at 35-37.

[24] *See id*.

[25] Dkt. 60, p. 5.(emphasis added).

8

requesting.[26]

## ARGUMENT: MR. GRAYEYES HAS WAIVED HIS DUE PROCESS CLAIM

In their *Third Claim for Relief*, Plaintiffs assert a claim for denial of due process. However, by not having appealed Mr. Nielson's ruling Mr. Grayeyes has waived any claim for violation of his right to due process.[27]

## ARGUMENT: PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST MS. BLACK UPON WHICH RELIEF CAN BE GRANTED

Plaintiffs have sued Ms. Black for declaratory and injunctive relief which, even if they are successful, she could not possibly grant. Ms. Black, for example, has no involvement with the constitutionality of the Utah statutes that Plaintiffs have placed at issue, and her inclusion in this lawsuit with respect to those claims is nothing but pure harassment. Similarly, Plaintiffs' other claims designed to restore Mr. Grayeyes' voting franchise and ballot access are beyond Ms. Black's ability to do. Hence, they have failed

---

[26] *See Bush v. Real Estate Comm'n*, 13 F.3d 404, 1993, 1993 WL 523198(unpublished) ("It is not within the jurisdiction of federal courts to review the administrative decisions of state agencies'); *Chicago, R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 581(1954). *Accord, Anderson v. State of Colorado*, 793 F.2d 262, 263 (10th Cir. 1986)("It is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review").

[27] *See Pitts v. Board of Educ. Of U.S.D. 305*, 869 F.2d 555, 556 (10th Cir. 1989).

to state a claim for relief as to her.[28]

## ARGUMENT: PLAINTIFFS' CLAIMS ARE BARRED BY THE NOERR-PENNINGTON DOCTRINE

Under the *Noerr-Pennington Doctrine,* which arises out of the *First Amendment,* those persons, such as Ms. Black, who petition the government for the redress of grievances are generally immune from suit based on that petition.[29] The *Doctrine* arose in the context of antitrust law, but now it extends to common-law torts,[30] and even to §1983 actions.[31] Furthermore, just because Ms. Black is alleged to have conspired with government officials is not an exception to this doctrine of *First Amendment Immunity* because, in a conspiracy case, under §1983 the remedy lies only against government officials and not the private citizen.[32] Admittedly, there is a "sham" exception to the *Noerr-Pennington Doctrine* whereby immunity is lost when (1) the complaint is objectively baseless in the sense that a reasonable litigant could realistically expect success on the merits, and (2) it is brought with the specific intent to further illegal

---

[28] *See Davis v. Passman*, 442 U.S. 228, 244 (1979)(Complaint may be dismissed under *Rule* 12(b)(6) when relief sought against the defendant is not available).

[29] *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005).

[30] *Whelan v. Abell*, 48 F.3d 1247, 1254 (D.C. Cir. 1995).

[31] *See Empress, LLC,* 419 F.3d at 1052.

[32] *See id.* at 1056-57.

conduct,[33] which is certainly not the case with Ms. Black's complaint against Mr. Grayeyes. Moreover, the sham exception was not pled by Plaintiffs, and it does not extend to genuine attempts to secure governmental action even though the complainant harbors a wrongful motive.[34]

## ARGUMENT: PLAINTIFFS' CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA

Mr. Grayeyes did not appeal Mr. Nielson's adverse findings as to him being a non-resident of the State of Utah and, as a consequence, is not eligible to vote in County elections or to stand as a candidate in the 2018 election for the office of County Commissioner for District-2. Not having appealed Mr. Nielson's findings, Mr. Grayeyes' challenge to them is barred under the *doctrine of res judicata*.[35]

## CONCLUSION

For the reasons stated, Ms. Black respectfully asks the Court to grant her *Motion to Dismiss*.

---

[33] *See Nader v. The Democratic Nat'l Comm.*, 555 F. Supp.2d 137, 156-57 (D.D.C. 2008).

[34] *See id.*

[35] *See Atiya*, 988 F.2d at 1013.

DATED this 20th day of July, 2018.

                                               SUITTER AXLAND, PLLC

                                               /s/ jesse c. trentadue
                                               Jesse C. Trentadue
                                               Britton R. Butterfield
                                               *Attorneys for Wendy Black*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of July, 2018, I electronically filed the foregoing document with the U.S. District Court for the District of Utah. Notice will automatically be electronically mailed to the following individual(s) who are registered with the U.S. District Court CM/ECF System:

Steven C. Boos
Maya Leonard Kane
MAYNES, BRADFORD, SHIPPS & SHEFTEL, LLP
835 East Second Avenue, Suite 123
P.O. 2717
Durango, CO 81301
E-Mail: sboos@mbssllp.com
*Attorneys for Plaintiffs*

Eric P. Swenson
1393 East Butler Avenue
Salt Lake City, Utah 84102
E-Mail: e.swenson4@comcast.net
*Attorneys for Plaintiffs*

David R. Irvine
Attorney and Counselor at Law
747 East South Temple Street
Salt Lake City, Utah 84102
E-Mail: Drirvine@aol.com
*Attorneys for Plaintiffs*

Alan L. Smith
Attorney and Counselor at Law
1169 East 4020 South
Salt Lake City, Utah 84124
E-Mail: Alanakaed@aol.com
*Attorneys for Plaintiffs*

R. Blake Hamilton
Ashley M. Gregson
Jasmine A. Fierro-maciel
Durham Jones & Pinegar, P.C.
111 S. Main St., Suite 2400
P.O. Box 4050
Salt Lake City, UT 84111
E-Mail: bhamilton@djplaw.com
E-Mail: agregson@djplaw.com
E-Mail: jfierro-maciel@djplaw.com
*Attorneys for San Juan County Defendants*

Andrew Dymek
David N. Wolf
Utah Attorney General's Office
(160-6-140856)
Litigation Unit
160 East 300 South 6TH Floor
PO BOX 140856
Salt Lake City, Utah 84114-0856
Email: adymek@agutah.gov
Email: dnwolf@agutah.gov
*Attorneys for Spencer Cox*

/s/ jesse c. trentadue

*T:\7000\7813\1\MOTION TO DISMISS.wpd*