IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WILLIE GRAYEYES, an individual, and TERRY WHITEHAT, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SPENCER COX, as Lieutenant Governor of the state of Utah; JOHN DAVID NIELSON, as Clerk/Auditor of San Juan County, a political subdivision of the state of Utah; KENDALL G. LAWS, as Attorney of San Juan County, a political subdivision of the state of Utah; COLBY TURK, as Deputy Sheriff in the Sheriff's Office of San Juan County, a political subdivision of the state of Utah; and WENDY BLACK, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING IN PART and RESERVING IN PART [65] SAN JUAN COUNTY DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 4:18-CV-00041-DN<br><br>District Judge David Nuffer |

Plaintiff Willie Grayeyes ("Plaintiff Grayeyes") and Terry Whitehat ("Plaintiff Whitehat") filed their Complaint on June 20, 2018, alleging various violations of their constitutional rights.[1] Shortly thereafter, Plaintiff Grayeyes filed a motion for preliminary injunction based upon Plaintiffs' equal protection and due process claims under 42 U.S.C. 1983.[2] The motion for preliminary injunction has been fully briefed and is set for hearing on August 7, 2018.

Defendants San Juan County Clerk John Nielson, San Juan County Sheriff Deputy Colby Turk, and San Juan County Attorney Kendall Laws have filed a motion to dismiss ("San Juan

---

[1] Complaint, docket no. 2.

[2] Docket no. 13, filed June 26, 2018.

County Defendants' Motion to Dismiss").[3]  Since the filing of San Juan County Defendants'

Motion to Dismiss, Plaintiffs voluntarily moved to dismiss Defendants Colby Turk,[4] Kendall

Laws,[5] Wendy Black,[6] and Spencer Cox.[7]  Plaintiffs' motions to dismiss these defendants were

granted,[8] leaving John Nielson as the sole remaining defendant.

The San Juan County Defendants' Motion to Dismiss raises the following arguments:

1) Plaintiff's claims under 42 U.S.C. 1983 must be dismissed as inadequately pled.[9]
2) Plaintiff's Fourth Cause of Action seeking review of Defendant John Nielson's residency decision is not a valid cause of action;[10]
3) Service of Defendant Colby Turk was invalid;[11]
4) Plaintiffs have failed to state a claim against Defendant Kendall Laws;[12]
5) Plaintiff Whitehat lacks standing;[13]
6) All requests for declaratory judgment related to dismissed causes of action should also be dismissed;[14] and
7) San Juan County Defendants are entitled to qualified immunity.[15]

---

[3] San Juan County Defendants' Motion to Dismiss ("Motion to Dismiss"), docket no. 65, filed July 19, 2018. Defendant Wendy Black also filed a separate motion to dismiss. Defendant Wendy Black's Motion to Dismiss Plaintiffs' Complaint, docket no. 69, filed July 20, 2018. After dismissal as a party, Defendant Black's motion to dismiss was denied as moot. Docket Text Order denying [69] Defendant Black's Motion to Dismiss Plaintiffs' Complaint, docket no. 90, entered August 3, 2018.

[4] Motion to Drop Colby Turk as Defendant, docket no. 79, filed August 31, 2018

[5] Motion to Dismiss Wendy Black and Kendall Laws as Defendants and Memorandum of Law in Support, docket no. 83, filed August 2, 2018.

[6] *Id*.

[7] Stipulated Motion to Dismiss Spencer Cox as Defendant, docket no. 84, filed August 2, 2018.

[8] Docket Text Order Granting [79] Motion to Dismiss Party, docket no. 81, entered August 1, 2018; Order Dismissing Wendy Black and Kendall Laws as Defendants, docket no., 88, entered August 3, 2018; Order Dismissing Spencer Cox as Defendant, docket no. 89, entered August 3, 2018.

[9] San Juan County Defendants' Motion to Dismiss 3.  The sufficiency of Plaintiffs' Complaint was previously addressed in part in Defendant Wendy Black's Motion to Strike Complaint. Docket no. 29, filed July 2, 2018. Defendant Black sought to strike Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 8. Plaintiffs' Complaint provided Defendants with fair notice of its claims and the basis for those claims; accordingly, the Motion to Strike was denied. Docket Text Order Denying [29] Motion to Strike Complaint, docket no. 30, entered July 2, 2018.

[10] *Id*. 10.

[11] *Id*. 11.

[12] *Id*. 12.

[13] *Id*. 13.

[14] *Id*. 15.

[15] *Id*. 16.

Briefing on the San Juan County Defendants' Motion to Dismiss has not yet been completed.[16] Although Plaintiffs filed a response,[17] Defendant Nielson is entitled to file a reply in support of the motion.[18] However, in order to address Plaintiff Grayeyes' motion for preliminary injunction,[19] Defendants' assertion that Plaintiffs' have inadequately pled claims under 42 U.S.C. § 1983 in their Complaint, specifically claims of equal protection and due process violations, must be resolved.

Additionally, in light of Defendants Turk and Laws' dismissal as parties, issues regarding service of Defendant Turk and claims against Defendant Laws are now moot and do not require further argument.

**DISCUSSION**

Defendant Nielson moves to dismiss Plaintiffs' claims under 42 U.S.C. § 1983 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[20] A defendant is entitled to dismissal under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim for which relief may be granted.[21]

A heightened pleading standard is not required for claims brought under 42 U.S.C. § 1983.[22] Rather, Plaintiffs' allegations must conform to the "liberal system of 'notice pleading' set up by the Federal Rules."[23] This rule simply requires a short and plain statement that gives

---

[16] Docket Text Order Taking under Advisement [65] Defendants Laws, Nielson, and Turk's Motion to Dismiss and [69] Defendant Black's Motion to Dismiss, docket no. 72, entered July 23, 2018.

[17] Consolidated Response to Defendants' Motions to Dismiss, docket no. 86, filed August 3, 2018.

[18] *Id*.

[19] Plaintiff Grayeyes' Motion and Brief in Support of Preliminary Injunction and Related Relief., docket no. 13, filed June 26, 2018.

[20] San Juan County Defendants' Motion to Dismiss 3.

[21] *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[22] *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 167-68 (1993).

[23] *Id.* at 168 (citing Fed. R. Civ. P. 8(a)(2)).

defendant fair notice of the claim.[24] Courts must "liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party."[25]

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[26] Plausible does not mean "likely to be true."[27] Rather, the factual allegations in the complaint need only allow the reviewing court to draw a "reasonable inference" that the plaintiff will prove its claims.[28] In drawing this inference, the reviewing court must "accept as true all well-pleaded factual allegations in [the] complaint and view those allegations in the light most favorable to the plaintiff."[29] Ultimately, determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[30] "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference."[31]

Measured against this legal standard, Plaintiffs' Complaint alleges sufficient facts to state claims against Defendant Nielson for violations of the right to the equal protection and due process of law.

---

[24] *Id.*

[25] *Broker's Choice of America, Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017).

[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted).

[27] *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("Thus, 'plausible' cannot mean 'likely to be true.'").

[28] *Ashcroft*, 556 U.S. at 678.

[29] *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

[30] *Ashcroft*, 556 U.S. at 678.

[31] *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**Plaintiffs adequately pled their equal protection claim in the Second Cause of Action.**

Plaintiffs' Second Cause of Actions claims "San Juan County defendants . . . violated plaintiffs' Equal Protection rights in relation to voting and running for office as those rights are guaranteed under the Fourteenth Amendment of the United States Constitution."[32] Plaintiffs further allege that San Juan County Defendants "abused . . . the procedures and provisions for testing the eligibility of a person such as Grayeyes to register to vote, in order to manipulate and control the outcome of the electoral race . . . , unconstitutionally tipping the scales in favor of Kelly Laws by ousting his opponent, Grayeyes, from the ballot."[33]

In their motion, Defendants argue Plaintiffs failed to plead that Defendant Nielson acted with intent to discriminate against Grayeyes based on his membership in protected class.[34] "Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause."[35] The Supreme Court has identified a number of factual considerations that are relevant to determining discriminatory intent.[36] Among these, "[t]he historical background of the decision is [an] evidentiary source, particularly if it reveals a series of official actions taken for invidious purposes."[37] Additionally, "[t]he specific sequence of events leading up to the challenged decision may also shed some light on the decision maker's purpose."[38] "Departures from the normal procedural sequence might also afford evidence that improper purposes were

---

[32] Complaint ¶ 118.

[33] Complaint ¶ 116.

[34] Motion to Dismiss 5.

[35] *Vill. of Arlington Heights v. Metro Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977).

[36] *Vill. of Arlington Heights*, 429 U.S. at 266.

[37] *Id.* at 267.

[38] *Id.*

playing a role."[39] Finally, in order to prove discriminatory intent, Plaintiffs need not prove that discrimination was the sole, or even the primary, motivation of Defendant Nielson's actions.[40] Plaintiffs need only show that a "discriminatory purpose" was a "motivating factor."[41] Plaintiffs' Complaint does so.

In support of their equal protection claim, Plaintiffs allege that "with the exception of Cox, all of the defendants are united by conservative political views, family ties, and/or political, racial, ethnic, and religious hostility in their opposition to the candidacy of Grayeyes."[42] Plaintiffs' Complaint also includes allegations about San Juan County's 'historical pattern of disenfranchising voters,'"[43] which includes "denying Indians the right to vote, creating impediments to Indian candidacy for elected office, establishing election districts to dilute Indian voting strength and using racial classifications in drawing remedial election district plans that would have continued to dilute Indian voting strength."[44] Plaintiffs also allege facts regarding Defendant Nielson's departures from the procedure required by the Utah Election Code when handling the candidacy and voter registration challenges against Plaintiff Grayeyes.[45]

**Plaintiffs adequately pled their due process claim in their Third Cause of Action.**

"For a claim involving procedural due process, the plaintiff must satisfy two elements: "(1) a constitutionally protected liberty or property interest, and (2) a governmental failure to

---

[39] *Id.*

[40] *Navajo Nation v. State of N.M.*, 975 F.2d 741, 743-44 (10th Cir. 1992); *see also Vill. of Arlington Heights*, 429 U.S. 562, 266 (1977).

[41] *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988) ("It is not necessary to demonstrate that the challenged action was taken solely for discriminatory purposes; it is necessary only to prove that a discriminatory purpose was a motivating factor."); *see also Maxey v. Banks*, 26 F. App'x 805, 808 (10th Cir. 2001).

[42] Complaint 12.

[43] San Juan County Defendants' Motion to Dismiss 5, docket no. 65, July 19, 2018.

[44] Complaint 44-48, docket. 2.

[45] Complaint 12-144.

provide an appropriate level of process."[46] "The right to vote . . . implicates a liberty interest protected by the Due Process Clause of the Fourteenth Amendment."[47] The "standard of culpability to establish a Fourteenth Amendment violation . . . is whether Defendants' conduct 'shocks the conscience.'"[48]

Plaintiffs' Third Cause of Action claims several violations of due process. Plaintiffs assert that San Juan County defendants did not comply with the Utah Election Code, including allegations that the challenge to Grayeyes was not resolved by an impartial decision-maker;[49] San Juan County defendants did not give fair notice to Grayeyes regarding the challenge;[50] and San Juan County defendants did not provide a fair opportunity for hearing to Grayeyes.[51] Defendants contest these claims, alleging that Defendant Nielson was entitled to take the action that he did and that Grayeyes was given proper notice and a fair opportunity to be heard.[52] This is clearly a factual dispute. Accepting Plaintiffs' allegations as true and in the light most favorable to them,[53] Plaintiffs have made sufficient allegations to state a due process claim. Furthermore, this issue was fully briefed by both parties in response to Plaintiff Grayeyes' motion for preliminary injunction. Whether Plaintiffs are likely to succeed on the merits of their due process claim will be determined as part of that proceeding.

---

[46] *Citizen Ctr. v. Gessler*, 770 F.3d 900, 916 (10th Cir. 2014).

[47] *Miller v. Blackwell*, 348 F. Supp. 2d 916, 921 (S.D. Ohio 2004).

[48] *Moore v. Nelson*, 394 F. Supp. 2d 1365, 1368 (M.D. Ga. 2005) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)).

[49] Complaint ¶ 126-27.

[50] *Id*. ¶ 129.

[51] *Id*. ¶ 130.

[52] San Juan Defendants' Motion to Dismiss 8.

[53] *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

**ORDER**

IT IS HEREBY ORDERED that San Juan County Defendants' Motion to Dismiss is DENIED in part as follows:

- DENIED as to Plaintiffs' failure to sufficiently plead equal protection and due process claims brought under 42 U.S.C. § 1983.

- DENIED as moot as to the Plaintiffs' failure to properly serve Defendant Colby Turk; and

- DENIED as moot as to Plaintiffs' failure to state a claim against Defendant Kendall Laws.

IT IS FURTHER ORDERED that the remaining issues raised in San Juan County Defendants' Motion to Dismiss shall be reserved for further briefing by Defendant Nielson[54] and ruling by the court.

Dated August 6, 2018.

BY THE COURT:

_David Nuffer_
David Nuffer
United States District Judge

---

[54] Defendant Nielson is entitled to file a reply on or before Friday, August 10, 2018 as previously ordered by the court. Docket Text Order Taking under Advisement [65] Defendants Laws, Nielson, and Turk's Motion to Dismiss and [69] Defendant Black's Motion to Dismiss, docket no. 72, entered July 23, 2018.