IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WILLIE GRAYEYES, an individual, and TERRY WHITEHAT, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DAVID NIELSON, as Clerk/Auditor of San Juan County, a political subdivision of the state of Utah, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART and DENYING IN PART [65] SAN JUAN COUNTY DEFENDANTS' MOTION TO DISMISS** <br><br> Case No. 4:18-CV-00041-DN <br><br> District Judge David Nuffer |

Defendant San Juan County Clerk John Nielson, and former defendants San Juan County Sheriff Deputy Colby Turk and San Juan County Attorney Kendall Laws filed a motion to dismiss ("Motion to Dismiss").[1] Defendants Colby Turk, Kendall Laws, Wendy Black, and Spencer Cox were subsequently dismissed as parties.[2] Plaintiffs Willie Grayeyes and Terry Whitehat filed a response[3] and the remaining defendant, John Nielson, replied.[4]

A previously entered Memorandum Decision and Order[5] reserved some issues, but denied the Motion to Dismiss as to "Plaintiffs' failure to sufficiently plead equal protection and

---

[1] San Juan County Defendants' Motion to Dismiss ("Motion to Dismiss"), docket no. 65, filed July 19, 2018.

[2] Docket Text Order Granting [79] Motion to Dismiss Party, docket no. 81, entered August 1, 2018; Order Dismissing Wendy Black and Kendall Laws as Defendants, docket no. 88, entered August 3, 2018; Order Dismissing Spencer Cox as Defendant, docket no. 89, entered August 3, 2018.

[3] Consolidated Response to Defendants' Motions to Dismiss ("Response"), docket no. 86, filed August 3, 2018.

[4] Reply Memorandum in Support of Motion to Dismiss ("Reply"), docket no. 95, filed August 10, 2018.

[5] Memorandum Decision and Order Denying in Part and Reserving in Part [65] San Juan County Defendants' Motion to Dismiss ("Memorandum Decision and Order"), docket no. 92, entered August 6, 2018.

due process claims brought under 42 U.S.C. § 1983."[6] Defendant Nielson's Reply states that his motion to dismiss the following claims remains at issue:

1) Plaintiffs' First Cause of Action and claims under 42 U.S.C. §§ 1981, 1985, and 1988, and 52 U.S.C. § 10502;

2) Plaintiffs' Second Cause of Action and right to travel claim under 42 U.S.C. § 1983; and

3) Plaintiffs' Fourth Cause of Action seeking review of Defendant Nielson's residency decision.[7]

## STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal of a complaint for "failure to state a claim upon which relief can be granted."[8] Dismissal under Rule 12(b)(6) is appropriate when the complaint, standing alone, is legally insufficient to state a claim for which relief may be granted.[9] In making this determination, courts "liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party."[10] "[G]ranting a motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice. Thus, a well-

---

[6] *Id*. 8. The Memorandum Decision and Order also denied the Motion to Dismiss as to failure to serve Defendant Colby Turk and failure to state a claim against Defendant Kendall Laws given that these defendants had been dismissed. *Id*.

[7] Reply 2.

[8] Fed. R. Civ. P. 12(b)(6).

[9] *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[10] *Broker's Choice of America, Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017).

pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."[11]

## DISCUSSION

### The First Cause of Action must be dismissed in light of the Lieutenant Governor's dismissal as a party.

Plaintiffs' First Cause of Action is a facial challenge to various provisions of the Utah Election Code against Lt. Governor Spencer Cox.[12] The Lt. Governor has been dismissed as a defendant in case,[13] as a result, any claims directly asserted against him must also be dismissed.

### The Complaint fails to state a valid claim under 42 U.S.C. § 1981, 42 U.S.C. § 1988, and 52 U.S.C. § 10502, but adequately pleads a claim under 42 U.S.C. § 1985.

The Complaint alleges violations of Plaintiffs' constitutional rights to vote, to free speech, to run for elected office, and to vote for candidates of choice under 42 U.S.C. §§ 1981, 1985, 1988, and 52 U.S.C. § 10502.[14] In a footnote to the Motion to Dismiss,[15] Defendant Nielson argues that these claims are inadequately pleaded. Except to generally state that the Complaint asserts violations of Plaintiffs' constitutional rights under these statutory provisions,[16] Plaintiffs did not respond to the footnote. In his reply, Defendant Nielson reasserted that Plaintiffs' claims under 42 U.S.C. §§ 1981, 1985, 1988, and 52 U.S.C. § 10502 are inadequately pleaded.[17]

---

[11] *Womble v. Harvanek*, No. 17-7023, 2017 WL 6333936, at *2 (10th Cir. Dec. 12, 2017) (citing *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)).

[12] Complaint ¶¶ 104-111, docket no. 2, filed June 20, 2018.

[13] Order Dismissing Spencer Cox as Defendant, docket no. 89, entered August 3, 2018.

[14] Complaint ¶ 14, docket no. 2 ("This Court has subject-matter jurisdiction of this case and controversy pursuant to 28 U.S.C. §1331, since plaintiffs are suing to vindicate their constitutional rights under 42 U.S.C. §§1983, 1981, 1985, and 1988, as well as 52 U.S.C. §10502.").

[15] Motion to Dismiss 3 n.5, docket no. 65.

[16] Response 3, 5, docket no. 86.

[17] Reply 5-6, docket no. 95.

The Complaint fails to state a claim under 42 U.S.C. § 1981.[18] "Section 1981 prohibits discrimination against protected classes while their members engage in protected activities."[19] "[T]o establish a prima facie case of discrimination under § 1981, the plaintiff must show: (1) that the plaintiff is a member of a protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981."[20] The Complaint includes allegations that Plaintiff Grayeyes is a member of a protected class[21] and that Defendant Nielson discriminated against him on the basis of race.[22] However, the Complaint does not include factual allegations to suggest that racial discrimination interfered with a protected activity under Section 1981.[23] "Section 1981 is not confined to contractual matters, though it is most often invoked in that context. It deals with the protection of a limited range of civil rights, including the right to make and enforce contracts, to sue, and to give evidence."[24] Accordingly, Plaintiffs' claims under Section 1981 are inadequately pleaded.

---

[18] (a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

[19] *Phan v. Hipple*, 735 F. App'x 492 (10th Cir. 2018)

[20] *Hampton v. Dillard Dep't Stores, Inc.,* 247 F.3d 1091, 1102 (10th Cir. 2001).

[21] Complaint ¶ 2.

[22] *Id*. ¶¶ 86-97, ¶¶ 115-28.

[23] *See Hampton*, 247 F.3d at 1102 ("Typically, most litigation involving § 1981 claims has emanated from the right to make and enforce employment contracts. However, the statute has been applied to discrimination claims [in other areas] when a contract has been established." (internal citations omitted)).

[24] *Bell v. City of Milwaukee*, 746 F.2d 1205, 1232 (7th Cir. 1984), overruled on other grounds by *Russ v. Watts,* 414 F.3d 783 (7th Cir. 2005)

The Complaint also fails to state a valid claim under 42 U.S.C. § 1988. Section 1988 "does not create independent causes of action, it simply defines procedures under which remedies may be sought in civil rights actions."[25] Any claims asserted under Section 1988 are therefore dismissed.

The Complaint fails to state a claim under 52 U.S.C. § 10502. This statute relates to the durational residency requirements for presidential and vice-presidential elections.[26] The Complaint includes allegations regarding the residency requirements for local elections.[27] On its face, 52 U.S.C. § 10502 does not relate to residency requirements for location elections and the Complaint concedes that "durational residency requirements for candidates, in some instances, may serve a legitimate governmental purpose . . . ."[28] More importantly, any allegations in the Complaint regarding residency requirements were made in connection to Plaintiffs' First Cause of Action. As previously discussed, Plaintiffs' First Cause of Action was directed against the Lt. Governor and must be dismissed. Therefore, any claims asserted pursuant to 52 U.S.C. § 10502 must also be dismissed for failure to state a claim for which relief can be granted.

Finally, Plaintiffs adequately pleaded a claim under 42 U.S.C. § 1985. "Section 1985(3) provides for recovery of damages by a party who is injured as a result of a conspiracy to deprive any person equal protection of the laws."[29]

> To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a

---

[25] *Schroder v. Volcker*, 864 F.2d 97, 99 (10th Cir. 1988).

[26] 52 U.S.C. § 10502.

[27] Complaint ¶¶ 104-120.

[28] *Id.* ¶ 107.

[29] *Ford v. West*, 222 F.3d 767, 772 (10th Cir. 2000).

person or property, or a deprivation of any right or privilege of a citizen of the United States.[30]

Plaintiffs' claims under 42 U.S.C. § 1985 allege a conspiracy to interfere with Plaintiff Grayeyes's right to vote and run for office and provide sufficient allegations of a "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action."[31] The Complaint includes allegations that Defendant Nielson conspired with Wendy Black, Kendall Laws, and others to deprive him of his right to vote and run for county commissioner. Defendant Nielson is the only remaining defendant in the case; however, Section 1985 does not require that all conspirators be named as a defendant to an action. It only requires that a named defendant has engaged in a conspiracy with another individual to violate plaintiff's constitutional rights. Based upon the Complaint alone and making all reasonable inferences in Plaintiffs' favor, Plaintiffs have sufficiently pleaded a claim under 42 U.S.C. § 1985.

**The Second Cause of Action adequately states a claim for right to travel..**

Plaintiffs' Second Cause of Action claims that "San Juan County defendants . . . violated Greyeyes's right to travel as that right is vouchsafed to him under the Due Process Clause of the Fourteenth Amendment of the United States Constitution."[32] "The right of interstate travel has repeatedly been recognized as a basic constitutional freedom."[33] Defendant Nielson asserts that the right to travel is distinguishable from an individual's movement and protects an individual's ability "to migrate."[34] However, the right to travel encompasses more than an individual's

---

[30] Batiste v. City of Beaumont, 421 F. Supp. 2d 969, 980–81 (E.D. Tex. 2005); see also *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott,* 463 U.S. 825, 828–29, (1983).

[31] *Schroder v. Volcker*, 646 F. Supp. 132, 135 (D. Colo. 1986) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

[32] Complaint ¶ 112-120.

[33] *Mem'l Hosp. v. Maricopa Cty.*, 415 U.S. 250, 254 (1974).

[34] Motion to Dismiss 7 (citing *Mem'l Hosp. v. Maricopa Cty.*, 415 U.S. at 255).

ability to migrate. "It protects the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily preset in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State."[35]

The Complaint contains sufficient factual allegations with respect to the first prong—the right of a citizen of one State to enter and to leave another State. Plaintiffs alleged that Plaintiff Greyeyes's work and responsibilities as an official in the Navajo nation required him to travel back and forth from Utah to Arizona.[36] Plaintiffs further allege that Defendant Nielson penalized Plaintiff Grayeyes for traveling outside the State of Utah by construing and applying the Utah Election Code in a manner that resulted in the wrongful rescission of his right to vote and ability to run for county commissioner.[37]

Whether Plaintiffs' claim ultimately prevails as an as-applied challenge to provisions of the Utah Election Code under 42 U.S.C. § 1983 is yet to be determined and not an appropriate inquiry for a Rule 12(b)(6) motion.[38] Plaintiffs have made sufficient allegations to plead a right to travel claim.

### The Fourth Cause of Action inappropriately seeks appellate review of Defendant Nielson's decision regarding Plaintiff Greyeyes's residency.

Plaintiffs' Fourth Cause of Action seeks review of Defendant Nielson's decision regarding Plaintiff Greyeyes's residency and a determination that Plaintiff Grayeyes is a

---

[35] *Saenz v. Roe*, 526 U.S. 489, 500 (1999); *United States v. Mayville*, 2018 WL 1224464, at *6 (D. Utah 2018).

[36] Complaint ¶¶ 24, 74, docket no. 2.

[37] *Id*. ¶ 119; *See also* Response 16, docket no. 86.

[38] *Sutton v. Utah State Sch. for Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir.1999) ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.")

registered voter in San Juan County.[39] Utah state law allows an individual subject to a voter challenge to "appeal an election officer's decision regarding the individual's eligibility to vote in to the district court having jurisdiction over the location where the challenge was filed."[40] Plaintiffs assert that supplemental jurisdiction should be exercised over Defendant Nielson's decision pursuant to 28 U.S.C. § 1367.[41] However, supplemental jurisdiction is a matter of judicial discretion and not a litigant's right.[42] A federal court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the claim raises a novel or complex issue of State law."[43] Defendant Nielson's decision is governed by state law and involves novel and complex issues. Any review of residency determinations made by Defendant Nielson is better suited for the state court. Accordingly, it is appropriate to decline to exercise supplemental jurisdiction and Plaintiffs' Fourth Cause of Action must be dismissed.

## ORDER

IT IS HEREBY ORDERED that the remainder of the Motion to Dismiss[44] is GRANTED in part and DENIED in part as follows:

- GRANTED as to Plaintiffs' First Cause of Action

- GRANTED as to Plaintiffs' claims under 42 U.S.C. § 1981, 42 U.S.C. § 1988, and 52 U.S.C. § 10502;

- GRANTED as to Plaintiffs' Fourth Cause of Action;

- DENIED as to Plaintiffs' claims under 42 U.S.C. § 1985; and

---

[39] Complaint ¶ 56, docket no. 2.

[40] Utah Code Ann. § 20A-3-202.3.

[41] Response 18, docket no. 86.

[42] *Estate of Harshman v. Jackson Hole Mountain Resort Corp.,* 379 F.3d 1161, 1165 (10th Cir.2004).

[43] 28 U.S.C. § 1367(c)(1).

[44] Docket no. 65.

- DENIED as to Plaintiffs' Second Cause of Action and the right to travel claims under 42 U.S.C. § 1983.

Dated September 16, 2018.

BY THE COURT:

_____
David Nuffer
United States District Judge