IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WILLIE GRAYEYES, an individual, and TERRY WHITEHAT, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DAVID NIELSON, as Clerk/Auditor of San Juan County, a political subdivision of the state of Utah,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [91] MOTION TO CERTIFY QUESTIONS OF STATE LAW**<br><br>Case No. 4:18-cv-00041-DN<br><br>District Judge David Nuffer |

Defendant San Juan County Clerk John David Nielson ("Defendant Nielson") filed a Motion to Certify Questions of State Law ("Motion to Certify").[1] Plaintiff Willie Grayeyes ("Plaintiff Grayeyes") filed a response, opposing certification.[2] Defendant Nielson did not file a reply and the time within which to do so has expired.[3]

Defendant Nielson seeks to have the following question certified to the Utah Supreme Court under Rule 41(a) of the Utah Rules of Appellate Procedure:

> When a voter files a pre-election complaint with an election officer alleging that a declared candidate is not a resident of Utah, is the election officer required to apply the Voter Challenge statute, the Candidacy Challenge statute, or another statute, or does the election officer have discretion in selecting the applicable statute based on the nature of the allegations, the timing of the complaint, or other relevant factors, and if so, what factors are considered relevant? And if the election officer finds that the candidate is not a resident, may the election officer

---

[1] Motion to Certify Questions of State Law ("Motion to Certify"), docket no. 91, filed August 6, 2018.

[2] Plaintiff Grayeyes' [sic] Response to Defendant Nielson's Motion to Certify Questions of State Law, docket no. 101, filed August 20, 2018.

[3] DUCivR 7-1(b)(3)(B).

reject the candidate's voter registration, declaration of candidacy, or both, or is this problem curable?[4]

In support of his request, Defendant Nielson argues that the case centers around what statute Defendant Nielson should have applied in resolving the complaint received against Plaintiff Grayeyes.[5] On August 7, 2018, the parties appeared for a hearing on Plaintiff Grayeyes's Motion for Preliminary Injunction.[6] At that time, the court granted Plaintiff Grayeyes's Motion for Preliminary Injunction, finding that Defendant Nielson's actions violated Plaintiff Grayeyes's right to procedural due process.[7] Because the question posed by Defendant Nielson is not determinative of the remaining issues in the case, the Motion to Certify[8] is DENIED.

## STANDARD

Under Rule 41(a) of the Utah Rules of Appellate Procedure, federal courts may certify a question to the Utah Supreme Court "if the state of the law of Utah applicable to a proceeding before the certifying court is uncertain."[9] "The certification order must state (1) the 'question of law to be answered,' (2) 'that the question certified is a controlling issue of law in a proceeding

---

[4] Motion to Certify at 5.

[5] Notably, Defendant Nielson continues to assert that "[o]n March 20, 2018, [he] received a complaint from Wendy Black ("Ms. Black") that Willie Grayeyes ("Mr. Grayeyes") was not a resident of Utah." Motion to Certify at 2, docket no. 91. However, by the time that the Motion to Dismiss was filed, Defendant Nielson had already acknowledged that the complaint received on March 20, 2018 did not meet the requirements under either the voter challenge statute or candidacy challenge statute. Defendant Nielson further admitted that the complaint upon which he took action was not received until he solicited it from Ms. Black several weeks later in mid-April 2018.

[6] Plaintiff Grayeyes' [sic] Motion and Brief in Support of Preliminary Injunction and Related Relief ("Motion for Preliminary Injunction"), docket no. 13, filed June 26, 2018; Minute Entry for Proceedings Held before Judge David Nuffer: Hearing on [13] Plaintiff Grayeyes's Motion for Preliminary Injunction, docket no. 93, entered August 7, 2018.

[7] *Id*; *see also* Memorandum Decision and Order Granting [13] Plaintiff Grayeyes's Motion for Preliminary Injunction ("Order Granting Preliminary Injunction") at 11-17, docket no. 94, entered August 9, 2018.

[8] Docket no. 91.

[9] Utah R. App. P. 41(a).

pending before the certifying court,' and (3) 'that there appears to be no controlling Utah law.'"[10] "[C]ourts determining the issue often find certification appropriate 'when the case concerns a matter of vital public concern, where the issue will likely recur in other cases, where resolution of the question to be certified is outcome determinative of the case, and where the state supreme court has yet to have an opportunity to illuminate a clear path on the issue.'"[11] However, "certification is not to be routinely invoked whenever a federal court is present with an unsettled question of state law."[12] "Instead, the court is to exercise 'judgment and restraint' before certifying questions, particularly when a 'reasonably clear and principled course' presents itself."[13]

## DISCUSSION

The question posed by Defendant Nielson is not determinative of this case. Although some uncertainty exists regarding the interplay between the voter challenge statute and candidacy challenge statute under Utah law, the statutes are not ambiguous and Plaintiffs' claims assert violations of federal law. "It would be manifestly inappropriate to certify a question in a case where, as here, there is no uncertain question of state law whose resolution might affect the pending federal claim. . . . A federal court may not properly ask a state court if it would care in effect to rewrite a statute."[14] A preliminary injunction has already been granted based upon a

---

[10] *Evans v. Utah*, 21 F. Supp. 3d 1192, 1213 (D. Utah 2014) (quoting Utah R. App. P. 41(c)).

[11] *Utah ex rel. Div. of Forestry, Fire & State Lands v. United States*, 335 F. Supp. 2d 1319, 1321 (D. Utah 2004) (quoting *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 672 (7th Cir. 2001)).

[12] *Copier by and Through Lindsey v. Smith & Wesson Corp.*, 138 F.3d 833, 838 (10th Cir. 1998) (quoting *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988)).

[13] *Roberts v. C.R. England, Inc.*, No. 2:12-cv-00302-RJS-BCW, 2018 WL 1449200, at *7 (D. Utah Mar. 22, 2018), motion to certify appeal denied, No. 212CV00302RJSBCW, 2018 WL 2386056 (D. Utah Apr. 24, 2018) (citing *Pino v. U.S.*, 507 F.3d 1233, 1236 (10th Cir. 2007)).

[14] *City of Houston v. Hill*, 482 U. S. 451, 470-471 (1987).

finding that Defendant Nielson violated Plaintiff Grayeyes's fundamental right to due process of the law.[15] "[L]ate requests for certification are generally disapproved, particularly when the district court has already ruled."[16] Certification at this point in time will not conserve the time, energy, and resources of the parties or the court.[17]

Finally, the Motion to Certify is untimely. The proper time for this motion would have been shortly after Plaintiff Grayeyes filed his Motion for Preliminary Injunction[18] or when the parties were ordered to provide specific briefing on the Utah Election Code.[19] Although Defendant Nielson stated that he intended to file a motion to certify,[20] he did not do so until the eve of the preliminary injunction hearing.[21] After receiving an unfavorable ruling, Defendant Nielson has sought recourse by appealing the order granting Plaintiff Grayeyes's Motion for Preliminary Injunction[22] to the Tenth Circuit.[23] The goals of certification are not met on the motion to certify this question at this time. If Defendant Nielson disagrees, he can ask the Tenth Circuit to certify the issue prior to its review of the preliminary injunction.

The form of the question proposed is also not likely to be accepted by the Utah Supreme Court. The question asks for advice, and places on the Utah Supreme Court the burden of picking

---

[15] Memorandum Decision and Order Granting [13] Plaintiff Grayeyes's Motion for Preliminary Injunction ("Order Granting Preliminary Injunction"), docket no. 94, entered August 9, 2018.

[16] *Boyd Rosene & Assocs., v. Kansas Mun. Gas Agency*, 178 F.3d 1363, 1364 (10th Cir. 1999).

[17] *Boyd Rosene & Assocs.*, 178 F.3d at 1365.

[18] Motion for Preliminary Injunction, docket no. 13, filed June 26, 2018.

[19] Order Requesting Specific Briefing, docket no. 43, entered July 5, 2018.

[20] San Juan County Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction 24-25, docket no. 57, filed July 11, 2018.

[21] Docket no. 91.

[22] Order Granting Preliminary Injunction, docket no. 94.

[23] Notice of Appeal, docket no. 111, filed September 10, 2018.

among alternative statutes. Certification is for clarification of law of a state, not for guidance for parties.

**ORDER**

IT IS HEREBY ORDERED that the Motion to Certify[24] is DENIED.

Dated September 24, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[24] Docket no. 91.